# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### ALPINE DIVISION

PATRICK XUAN MAI,

   Plaintiff,

  v.

UNITED STATES OF AMERICA,

   Defendant.

§
§
§
§
§
§
§
§
§
§

Case No. 4:26-cv-00002-DC-DF

## <u>Motion to Dismiss</u>

Defendant United States of America moves to dismiss Plaintiff Patrick Xuan Mai's Complaint for lack of jurisdiction. The United States has not waived sovereign immunity under the Federal Tort Claims Act (FTCA) due to the customs-duty exemption. Thus, the Court lacks jurisdiction over Mai's claim.

## Background

Mai was traveling by vehicle through Brewster County, Texas on January 6, 2025 when he encountered the CBP checkpoint on Highway 385. Dkt. 1 at 2. After referral to secondary inspection, Mai alleges that he was instructed to exit his vehicle at the checkpoint for inspection.[1] *Id.* Mai alleges that during the inspection, he was handcuffed and his pre-existing shoulder injury was aggravated. *Id.* He also alleges that he was forced onto a holding bench. *Id.* at 3. During the inspection of his vehicle, CBP agents allegedly broke the exterior door handle on the driver's side.

---

[1] Although Defendant asserts that the Court can determine lack of jurisdiction from the Complaint alone, multiple videos of the incident are available that show all events occurred incident to inspection.

*Id.* Afterwards, Mai alleges he was forced to sign paperwork and released without citation or charge. *Id.*

**Legal Standard**

**I. Federal Rule of Civil Procedure 12(b)(1)**

Absent jurisdiction a statute or the Constitution confers, Federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also* Fed. R. Civ. P. 12(h)(3). Parties cannot waive the lack of jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, *(Miss. Pls.),* 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "[W]hether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction, . . . and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States ex. rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted).

"The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also* Settlement *Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (same); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In evaluating a challenge to jurisdiction, a court "is free to weigh the evidence and resolve factual disputes in order to satisfy

itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "A district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)).

## II.       Sovereign immunity

As sovereign, the United States is immune from suit unless it expressly consents to be sued by act of Congress. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Wright ex rel. Wright v. United States*, 639 F. App'x 219, 222 (5th Cir. 2016); *Shanklin v. Fernald*, 539 F. Supp. 2d 878, 884 (W.D. Tex. 2008) (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)). However, the "[w]aiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing *Willoughby*, 730 F.3d at 780).

The FTCA, subject to certain exceptions that are applicable in this case, waives the sovereign immunity of the United States. The FTCA makes the United States liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The United States may only be liable for certain damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). A court should construe narrowly, in favor of the United States, any waiver of sovereign immunity. *Wright*, 639 F. App'x at 222; *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)).

The party seeking to sue the government constantly bears the burden to show Congress's unequivocal waiver of sovereign immunity. *Kokkonen*, 511 U.S. at 377; *St. Tammany Par. v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009); *Ramming*, 281 F.3d at 161. In this case, Plaintiff's reliance on the FTCA is unavailing. 28 U.S.C. §§ 1346 & 2671 *et. seq.* The customs-duty exception precludes liability. 28 U.S.C. § 2680(c).

**Argument**

**I.      The Customs-Duty Exception Bars Waiver of Sovereign Immunity**

The customs-duty exception is one of the numerous exceptions to Congress's waiver of sovereign immunity under the FTCA. The FTCA does not apply, and sovereign immunity exists for any claims "arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise . . .." 28 U.S.C. § 2680(c). "The Supreme Court has interpreted the exception broadly, explaining that any claim arising in respect of the detention of goods means any claim arising out of the detention of goods." *Angulo v. Brown*, 972 F.3d 942, 952 (5th Cir. 2020) (quoting *Kosak v. United States*, 465 U.S. 848, 854 (1984)) (cleaned up). The Fifth Circuit holds that "this includes intentional tort claims that arise out of 'the inspection, seizure, or detention of goods by a Customs agent.'" *Id.* (quoting *Jeanmarie v. United States*, 242 F.3d 600, 604 (5th Cir. 2001)).

In *Angulo*, the Fifth Circuit applied the customs-duty exception to an FTCA claim brought based on the actions of CBP agents at a border inspection station. 972 F.3d at 946. There, the plaintiff brought claims for assault, false arrest, false imprisonment, and intentional infliction of emotional distress. *Id.* at 947. The plaintiff's claims arose from being forcibly removed from his vehicle, taken to the ground, and handcuffed during an interaction at the border checkpoint. *Id.* at 946–47. He was then taken to an interrogation room, search, and interviewed. *Id.* at 947. Eventually, he was released after about an hour with no charges. *Id.* The Fifth Circuit held that

4

regardless of whether the events took place prior to the start of the secondary inspection or after, the actions were all in furtherance of the inspection of his vehicle. Thus, the customs-duty exception barred an FTCA claim. *Id.* at 953.

Likewise, courts in Texas have dismissed similar cases under the customs-duty exception. *See Allyn-Feuer v. Doe*, No. 2:23-cv-117, 2025 WL 1132008 (S.D. Tex. Mar. 11, 2025). In *Allyn-Feuer*, the plaintiff encountered CBP at a border checkpoint approximately 50 miles north of McAllen, Texas. *Id.* at *1. The plaintiff alleged that he was instructed to drive his car to secondary inspection because a canine unit alerted on his vehicle. *Id.* The plaintiff got out of his vehicle and an agent allegedly pushed plaintiff, who was not resisting, 20 to 30 feet and onto a bench. *Id.* at *2. During the search of his vehicle, property within the plaintiff's vehicle was damaged and left in disarray. *Id.* After approximately twenty-five minutes, the plaintiff was allowed to leave without charges. *Id.* The court dismissed the FTCA claims, including claims for negligence, assault and battery, and property loss, because the customs-duty exception barred the waiver of sovereign immunity. *Id.* at *2–4.

Here, Mai alleges that he was detained and handcuffed at a CBP checkpoint while his vehicle was searched and eventually released without any charges. Dkt. 1 at 3–4. Mai further alleges that his door handle was broken during the search of the vehicle. *Id.* All these actions fall within the same framework the Fifth Circuit has held is within the customs-duty exception to the waiver of sovereign immunity. As such, there is no waiver of sovereign immunity and the Court lacks jurisdiction over Mai's claims.

### Conclusion

For the foregoing reasons, the United States has not waived sovereign immunity over Mai's claims. The Court should dismiss this case for lack of jurisdiction.

Dated: April 24, 2026

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By: */s/ Matthew Mueller*
**Matthew Mueller**
Assistant United States Attorney
State Bar No. 24095592
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1262 (phone)
(512) 916-5854 (fax)
matthew.mueller@usdoj.gov

***Attorney for Defendant***
***United States of America***

## CERTIFICATE OF SERVICE

I certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed this document by United States Postal Service to the following:

Patrick Xuan Mai
1241 E. Mara PL
Anaheim, CA 92805
Pro Se

*/s/ Matthew Mueller*
Matthew Mueller
Assistant United States Attorney

6