**FILED**
May 12, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Aida Baeza_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

**ALPINE DIVISION**

**PATRICK XUAN MAI,**
 Plaintiff,

v.

**UNITED STATES OF AMERICA,**
 Defendant.

Civil Action No. 4:26-cv-00002-DC-DF

_____

# FIRST AMENDED COMPLAINT FOR DAMAGES

**(Federal Tort Claims Act)**

**Plaintiff Patrick Xuan Mai respectfully files this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and Local Rule CV-15 to clarify the sequence of events giving rise to his claims.**

# I. JURISDICTION AND VENUE

1. This action is brought pursuant to the **Federal Tort Claims Act** ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.

2. This Court has subject-matter jurisdiction under **28 U.S.C. § 1346(b)(1)** because Plaintiff seeks money damages for personal injury and property damage caused by the negligent and wrongful acts of employees of the United States acting within the scope of their employment.

3. Venue is proper in the **Western District of Texas, Alpine Division**, under **28 U.S.C. § 1402(b)** because the acts and omissions giving rise to this action occurred in **Brewster County, Texas**, near **Big Bend National Park**.

# II. PARTIES

4. Plaintiff **Patrick Xuan Mai** is a United States citizen.

5. Defendant **United States of America** is liable under the FTCA for the acts and omissions of its employees, including agents of **U.S. Customs and Border Protection ("CBP")**, acting within the scope of their federal employment.

# III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely presented an administrative tort claim to the appropriate federal agency pursuant to **28 U.S.C. § 2675(a)** arising from the January 6, 2025 incident.

7. Prior to any final agency action or denial, Plaintiff **properly amended** his administrative claim to assert a **sum certain of $750,000**, as permitted under **28 C.F.R. § 14.2(c)**.

8. The amended administrative claim was received by the agency before final disposition.

9. The agency thereafter denied the claim or failed to make a final disposition within six (6) months, satisfying the FTCA's exhaustion requirements.

# IV. FACTUAL ALLEGATIONS

10. On January 6, 2025, Plaintiff was lawfully driving northbound on Highway 385 in Brewster County, Texas, approximately 70 miles north of the international border.

11. Plaintiff encountered a CBP interior checkpoint and was directed to secondary inspection.

12. Plaintiff immediately exited his vehicle when instructed and moved away from it, standing at a distance from the vehicle.

13. At that moment, no CBP agent was near Plaintiff's vehicle, no door was open, and no inspection or search of the vehicle had begun.

14. While Plaintiff stood away from his vehicle, a CBP officer stated that Plaintiff had an outstanding warrant.

15. The officer provided no warrant number, no documentation, and performed no verification in Plaintiff's presence.

16. The officer invoked the warrant as the justification for detaining and handcuffing Plaintiff.

17. Plaintiff was then handcuffed while standing away from the vehicle. During handcuffing, the officer forcefully twisted Plaintiff's arm behind his back, aggravating Plaintiff's

pre-existing shoulder injury that was actively healing and causing immediate pain and lasting impairment.

18. While handcuffed, Plaintiff was pushed onto a holding bench.

19. Only after Plaintiff was handcuffed and secured on the bench did CBP agents begin searching Plaintiff's vehicle, including the trunk and interior.

20. During that subsequent search, agents broke the exterior driver-side door handle on Plaintiff's vehicle.

21. Plaintiff was later released without citation, without charges, without any arrest record, without any warrant documentation, and with no further proceedings related to the claimed warrant.

22. As a direct result of the events described above, Plaintiff suffered physical injury and aggravation of a pre-existing shoulder condition, ongoing pain and restricted mobility, emotional distress, and economic harm.

23. Plaintiff's vehicle sustained property damage in the amount of $478.

# V. CLAIMS FOR RELIEF

**(Texas Law, as Applied Through the FTCA)**

### Count I – Negligence
24. CBP agents owed Plaintiff a duty to exercise reasonable care under the circumstances.
25. CBP agents breached that duty when, while Plaintiff stood away from his vehicle before any inspection or search had begun, they invoked an outstanding warrant as justification and applied physical force to Plaintiff's person.
26. The breach proximately caused Plaintiff's physical injuries, emotional distress, and economic damages.
27. Defendant United States is liable for these acts under Texas negligence law, as incorporated through the FTCA.

### Count II – Assault and Battery (Texas Law)

28. CBP agents intentionally applied physical force to Plaintiff without legal justification and beyond what was reasonably necessary under the circumstances.

29. The contact was harmful and offensive and resulted in bodily injury.

30. Defendant United States is liable for assault and battery under Texas law, as permitted by the FTCA.

### Count III – Property Damage

31. CBP agents negligently or wrongfully damaged Plaintiff's vehicle during the encounter.

32. Plaintiff suffered property damage in the amount of $478.

# VI. DAMAGES

33. Plaintiff seeks damages not exceeding $750,000, the amount properly presented in Plaintiff's amended administrative claim, including:

• Personal injury damages

• Aggravation of a pre-existing condition

• Pain and suffering

• Emotional distress

• Lost income and economic harm

• Property damage

• Costs as permitted by law

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America;

B. Award compensatory damages consistent with the FTCA and Texas law, not exceeding $750,000;

C. Award costs as permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

# VIII. JURY DEMAND

Plaintiff does **not** demand a jury trial, as jury trials are unavailable under the FTCA.

# IX. CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the Court's electronic filing system and served a true and correct copy via United States mail, first class postage prepaid, on the following:

Matthew Mueller

Assistant United States Attorney

903 San Jacinto Blvd., Suite 334

Austin, Texas 78701

Respectfully submitted,

**/s/ Patrick Xuan Mai**

Patrick Xuan Mai

Plaintiff, Pro Se

1241 E. Mara PL

Anaheim, CA 92805

(714) 422-8471

patrickmai9696@gmail.com

Date: May 12, 2026