**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **PATRICK XUAN MAI,** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **P:26-CV-00002-DC** |
| | § | |
| **UNITED STATES OF AMERICA,** *Defendant.* | § | |

**ORDER**

Before the Court is United States Magistrate Judge David B. Fannin's Order and Report and Recommendation (Doc. 19) concerning Plaintiff Patrick Xuan Mai's Motions for Preservation and Production of Video Evidence (Docs. 10, 15) and Defendant United States of America's Motion to Dismiss (Doc. 14). The Magistrate Judge denied Plaintiff's Motions for Preservation and Production of Video Evidence and recommended that the Court grant the USA's Motion to Dismiss.

Plaintiff timely filed his objections (Doc. 21). The Court therefore reviews *de novo* the portions of the R&R to which Plaintiff specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews Plaintiff's objections to the Magistrate Judge's nondispositive order under Rule 72(a) and may modify or set aside that order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Having conducted the required review, the Court concludes that Plaintiff's objections do not undermine the R&R's dispositive analysis. Under the Federal Tort Claims Act's customs-duty exception, the USA's sovereign immunity is not waived for "[a]ny claim arising

in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs." 28 U.S.C. § 2680(c).

Here, Plaintiff's vehicle was detained when he was referred to secondary inspection. The alleged tortious conduct occurred during that continuing detention and before the vehicle was released. The allegation that officers allegedly invoked an outstanding warrant, or that the physical vehicle search began only after Plaintiff was handcuffed, do not place the claims outside § 2680(c). *See Jeanmarie v. United States*, 242 F.3d 600, 604 (5th Cir. 2001) ("[A]ctions even remotely related to a Customs agent's official duties are covered by the exception in § 2680(c)."). This case is therefore unlike *Davila v. United States*, where the alleged false imprisonment occurred after the vehicle search had "long since ended" and was unrelated to the vehicle, Plaintiff's alleged injury occurred while his vehicle remained detained at secondary inspection. 713 F.3d 248, 256–57 (5th Cir. 2013). Additionally, the extra facts Plaintiff proposes to plead would not change the result of the R&R or this Court's decision.

As to the Magistrate Judge's nondispositive order, Plaintiff has not shown that the denial of his preservation and production motions was clearly erroneous or contrary to law. The United States raises a facial jurisdictional challenge, and the jurisdictional issue can be resolved from the allegations of the operative complaint without the requested recordings. Even assuming the Court possesses authority to issue a preservation directive while determining jurisdiction, Plaintiff has not shown that the Magistrate Judge's refusal to issue such a directive was clearly erroneous or contrary to law.

The objections to the R&R are therefore **OVERRULED**, and the R&R is **ADOPTED**. The objections to the Order denying his Motions for Preservation and Production of Video Evidence (Docs. 10, 15) are similarly **OVERRULED**, and that Order is **AFFIRMED**. The USA's Motion to Dismiss (Doc. 14) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. And Plaintiff's request to amend (Doc. 21) is **DENIED**.

It is so **ORDERED**.

SIGNED this 31st day of July, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE